FILED

2025 Dec-18  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**LATONYA BAKER,**
    Plaintiff,

**v.**                                                    **Case No. 1:25-cv-333-CLM**

**WELLS FARGO BANK**
**NATIONAL ASSOCIATION,**
    Defendant.

## MEMORANDUM OPINION

Pro se plaintiff Latonya Baker sues Defendant Wells Fargo Bank National Association for financial losses under 12 U.S.C. § 1821 and embezzlement under 18 U.S.C. § 656. (Doc. 1, p. 3). Wells Fargo moves to dismiss these claims, arguing that Baker failed to establish subject matter jurisdiction and failed to state facts that support a claim for relief. (Doc. 8, p. 1). The court agrees. So for the reasons stated below, the court **GRANTS** Defendant's motion to dismiss, (doc. 8).

## BACKGROUND

Baker used the standard pro se complaint form to file her claims. Baker's complaint is brief. So brief in fact, here's her entire complaint:

Jurisdiction: Baker checked the box indicating that the basis for this court's jurisdiction over her claims was "Constitutional or Federal Question" jurisdiction. (Doc. 1, p. 3). In the section for listing the specific federal statutes, treaties, or provisions of the Constitution at issue, Baker wrote: "Is the defendant et ali liable for the plaintiff's financial losses in violation of 12 U.S.C. § 1821 and breach? Did the defendant et al embezzle 18 U.S.C. § 656?" (*Id.*)

Statement of Claim: "The defendant et al refused to remit payments and or return deposits to the plaintiff. The defendant et al did unlawfully embezzle monies from the plaintiff which cause significant financial hardship. The plaintiff continues to suffer harm in that indigent status is immenient imminent." (Doc. 1, p. 5).

Relief: "The plaintiff seeks punitive damages in the sum of three million dollars ($3,000,000.00) as well as compensatory damages which is the sum of embezzle by the defendant et al. 18 U.S.C. § 656."

Other than Baker's contact information, the excerpts above represent all that Baker pleaded in her complaint. Wells Fargo asks the court to dismiss.

## STANDARD OF REVIEW

The court begins with the lens through which it must view Baker's complaint. The Eleventh Circuit is clear that "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," and should be "liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. U.S.*, 148 F.3d 1261, 1263 (11th Cir. 1998)). So this court construes Baker's pro se complaint liberally, but the court cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

When a claim is challenged for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the party bringing the claim bears the burden of establishing proper subject matter jurisdiction. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). "If the plaintiff fails to shoulder that burden, the case must be dismissed." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted).

In reviewing a complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Baker's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Conclusory and general assertions are insufficient to state a claim on which relief may be granted. *See id.*

**DISCUSSION**

As explained below, the court dismisses Baker's case for two reasons: (1) the court lacks subject matter jurisdiction, and even if jurisdiction existed, (2) Baker fails to plead a claim.

## 1. The court lacks jurisdiction.

Federal courts have limited jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). They are empowered to hear cases "raising federal questions or cases involving diverse citizens where the amount in controversy exceeds $75,000." *Bell v. Birmingham Bd. of Educ.*, No. 23-10118, 2023 WL 7325499, at *1 (11th Cir. Nov. 7, 2023) (citations omitted). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. So the court must grant Wells Fargo's motion to dismiss if the court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011)).

To invoke the court's federal question jurisdiction, Baker says this case turns on whether "defendant [is] liable for the plaintiff's financial losses in violation of 12 U.S.C. § 1821," and whether "the defendant [] embezzle[d] [under] 18 U.S.C. § 656." (Doc. 1, p. 3). But Baker misunderstands the purpose and effect of the statutes on which she bases her claims.

First, 18 U.S.C. § 656 is a criminal statute. It prohibits theft, embezzlement, or misapplication of funds entrusted to a bank by individuals associated with Federal Reserve banks. *See* 18 U.S.C. § 656. But "criminal statutes do not provide for private civil causes of action[.]" *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021). And 18 U.S.C. § 656 does not create one. *See Welch v. Pen Air Fed. Credit Union*, No. CV 18-00220-B, 2019

WL 4684453, at *8 (S.D. Ala. Sept. 25, 2019) (collecting cases holding that 18 U.S.C. § 656 does not create a private right of action). So Baker cannot maintain a valid claim under this statutory provision.

Next, 12 U.S.C. § 1821 is part of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) and "establishes an administrative process that allows the [FDIC], acting as receiver for a failed institution, to settle claims against that institution and liquidate its assets." *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 919 (4th Cir. 1996) (citing 12 U.S.C. § 1821(d)). Though FIRREA is not a criminal statute, it too does not create a private right of action. *See Knight v. CitiFinancial, Inc.*, No. CV 24-1938-BAH, 2024 WL 5186699, at *2 (D. Md. Dec. 20, 2024), *aff'd*, No. 25-1046, 2025 WL 2170735 (4th Cir. July 31, 2025) ("While § 1833a concerns civil penalties under FIRREA, it does not create a private right of action.") Thus, Baker cannot bring a claim under this statute either.

Baker alleged that this court's jurisdiction over her case was based on two federal statutes. Neither creates a private right of action. So Baker has failed to carry her burden of establishing subject matter jurisdiction, and her case is due to be dismissed. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247.

## 2. Baker fails to plead a claim.

Even if Baker had properly invoked this court's jurisdiction, she still failed to plead sufficient facts to state a claim for relief. Federal Rule of Civil Procedure 8(a) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A plaintiff need not plead specific facts for every element of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). But Rule 8 "require[s] the pleader to present her claims discretely and succinctly, so that her adversary can discern what she is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Baker's complaint fails to meet this relatively low standard.

Even liberally construed, Baker's pleading does not "contain either direct or inferential allegations respecting all material elements of [her] cause[s] of action." *Snow*, 450 F.3d at 1320. Baker merely states that Wells Fargo "refused to remit payments and/or return deposits" to her and that Wells Fargo "unlawfully embezzle[d] monies from" her. (Doc. 1, p. 5). These allegations are devoid of sufficient legal and factual detail as prescribed by the Federal Rules. As Defendant put it, Baker "does not allege the elements of any cause of action, and there is no logical connection between the two statutes cited and the conclusory allegations that Wells Fargo refused to remit payments or return funds to Plaintiff or that Wells Fargo committed embezzlement." Accordingly, even if Baker had sufficiently established this court's jurisdiction over her claims, the deficiencies in Baker's pleadings would still warrant dismissal.

## CONCLUSION

Because the court lacks jurisdiction over this action, the court **GRANTS** Wells Fargo's motion to dismiss. (Doc. 8). The court will enter a separate order consistent with this memorandum opinion that closes this case.[1]

The court **DIRECTS** the Clerk of Court to mail a copy of this order to Baker at her address of record.

**DONE** and **ORDERED** on December 18, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[1] Baker also moves this court for default judgment, (doc. 6). Baker's motion was filed in response to the court's order to show cause why the case should not be dismissed for failure to prosecute. (Doc. 5). At the time of the court's order, Wells Fargo had not yet appeared in this case. Notwithstanding that Baker's motion for default judgment is procedurally improper because she failed to first move for Clerk's entry of default, it is now moot. Wells Fargo has since appeared, moved to dismiss Baker's complaint, and requested that the court deny Baker's motion for default, (doc. 7). So the court **DENIES** Baker's motion for default judgment, (doc. 6).